UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAGDALENA KULISZ; SHAHAR KENAN,<br><br>       Plaintiffs,<br><br>    -against-<br><br>STEVEN RAGA,<br><br>       Defendant. | 25-CV-6821 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiffs bring this action *pro se*, acting for themselves and purporting to act on behalf of (1) others similarly situated and (2) Miss Immigrant USA, which is described as a civic association. Plaintiffs sue Defendant Steven Raga, New York State Assemblyman for District 30 in Queens County, New York, asserting claims for violations of their constitutional rights. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

  Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

  For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Venue of Plaintiffs' claims does not appear to be proper in this district under Section 1391(b)(1) based on the residence of defendant. The New York State Constitution, Article III, § 7, which sets forth the residency requirement for members of the State Assembly, requires members of the New York State Legislature to reside in their specific assembly or senate district. It therefore appears that the only defendant in this matter, a New York State Assemblyman for District 30 in Queens, resides in Queens County, outside this district. *See* 28 U.S.C. § 112(c) (Queens County is in the Eastern District of New York).

It is unclear if venue of Plaintiffs' claims is proper in this district under Section 1391(b)(2), based on the place where the events giving rise to the claims occurred. Plaintiffs allege that on December 8, 2024, Miss Immigrant USA participated in the World Fair and Fest in Queens County. At this Queens event, Assemblyman Raga asked Plaintiff Kulisz to step outside for a private conversation. Once outside, Raga allegedly demanded that Miss Immigrant USA "immediately disassociate from Angela" Aquino, who was then a candidate for New York City Public Advocate. Plaintiffs describes this event as initiating Defendant Raga's escalating campaign of threats and reprisals against Miss Immigrant USA. Plaintiffs refer to other events that took place in Manhattan, alleging, for example, that in 2019, Miss Immigrant USA hosted a National Immigrant Day gala at the Watson Hotel. There are no allegations, however, that this event gave rise to any of the claims in the complaint against Defendant Raga.

Because the events giving rise to Plaintiffs' claims against Defendant Raga occurred in Queens County, venue is proper under Section 1391(b)(2) in the Eastern District of New York.

2

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (discussing deference to plaintiff's choice of venue in context of *forum non conveniens* analysis).

Under Section 1404(a), transfer appears to be appropriate in this case. Defendant resides in Queens County and the underlying events occurred in Queens. It is reasonable to expect that all relevant documents and witnesses also would be in Queens. The Eastern District of New York appears to be a more appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 22, 2025
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge