UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAGDALENA KULISZ; SHAHAR KENAN,

               Plaintiffs,

        -against-

MTA NEW YORK CITY TRANSIT
Metropilitan Transportation Authority,

               Defendant.

25-CV-6821 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs filed this action *pro se*, asserting claims against New York State Assemblymember Steven Raga, who represents Queens County. By order dated August 22, 2025, the Court directed the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York and close the action in this district. On September 3, 2025, the transferee court acknowledged receipt of this action.

After the action in the Southern District of New York was closed, on September 5, 2025, the Clerk of Court entered on the docket a "Motion For Reconsideration, Stay of Transfer, and Reasonable Accommodation," which had been received by email on September 3, 2025. (ECF 14.) Plaintiffs have also filed motions seeking to participate in electronic case filing and exemption from ECF training requirements. (ECF 12-13.) In addition, Plaintiffs filed further motions to recall, stay, or reconsider the transfer order. (ECF 15-16.) For the reasons set forth below, Plaintiff's motions (ECF 12-16) are denied.

## DISCUSSION

The transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains

jurisdiction only in limited situations, such as where the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court," *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995), or where "the question . . . is whether the district court had power to order the transfer," *Farrell v. Wyatt*, 408 F.2d 662, 664-65 (2d Cir. 1969).

Here, Plaintiff makes no sufficient argument that this Court lacked power to order the transfer. Moreover, Plaintiff's earliest filed motion to reconsider transfer (ECF 13) was entered on the docket after receipt of this action by the clerk of the transferee court. Although the motion to reconsider transfer, filed eleven days after the transfer order, was apparently received in this court by email on the same day that the United States District Court for the Eastern District of New York acknowledged receipt, it is not clear that the motion was received in this court *before* receipt by the transferee court.

Even if the Court has authority to reconsider the transfer order, the motion to reconsider would be denied. Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b)(1) based on the location where Queens Assemblyman Raga, the sole named defendant, resides.

2

Plaintiffs alleged in the complaint that Miss Immigrant USA (MIUSA) publicly launched its 2025 civic season on December 8, 2024, at the World Fair and Fest in Queens County, and that they encountered Queens Assemblyman Raga at that event. Defendant Raga allegedly approached Plaintiff Magdalena, touched her shoulder, and directed her outside, where he demanded that MIUSA immediately disassociate from delegate Angela Aquino; Plaintiffs allege that after this threatening conduct, Defendant sent them texts and met with them by zoom. They contend that a "wave of pressure" followed, including Brooklyn Assemblymember Lester Chang's refusal to allow MIUSA participation in civic events. In their motion, Plaintiffs allege that their claims against Queens Assemblyman Raga arise solely from his threats on December 11, 2024, made by zoom, and that the events at the World Fair in Queens County, were included only as "background." (ECF 14 at 2.)

The Court has considered Plaintiffs' arguments, and even under a liberal interpretation of his motion, Plaintiffs have failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiffs seek relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiffs allege that the transfer order must be vacated so that the action can proceed in this district as an accommodation for their disabilities. There is no reason to assume that the Eastern District of New York is unable to make any reasonable

3

accommodations that are warranted, and Plaintiffs thus fail to demonstrate that extraordinary circumstances warrant relief under Rule (b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

Because this action is pending in the Eastern District of New York, not this court, Plaintiff's motions for electronic filing privileges in this court and for an exemption from the usual prerequisites for doing so are denied as moot.

## CONCLUSION

Plaintiff's motions to reconsider the transfer order and for electronic filing are denied, and the Court directs the Clerk of Court to terminate all pending motions (ECF 12-16). This action remains closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 9, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge